**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-51031
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAFAEL ERNESTO CORVALAN-HERRERA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1341-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rafael Ernesto Corvalan-Herrera (Corvalan) pleaded guilty to illegal reentry after deportation and was sentenced to 37 months of imprisonment and two years of supervised release.

Corvalan argues that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical evidence. "In appropriate cases, district courts certainly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based. *United States v. Mondragon-Santiago,* 564 F.3d 357, 367 (5th Cir. 2009). Accordingly, Corvalan's argument is unavailing.

Corvalan contends that the district court committed procedural error when it failed to give reasons for imposing his within-guidelines sentence. He also contends that, notwithstanding the presumption of reasonableness accorded his sentence, his sentence of imprisonment is greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a) and, therefore, is substantively unreasonable. Regardless whether the district court's reasons for sentencing were sufficient, Corvalan has not shown that his substantial rights were affected, and thus he has not shown that the district court plainly erred by failing to give sufficient reasons for his sentence. *See Mondragon-Santiago,* 564 F.3d at 364-65. Corvalan also has not shown that the district court committed plain error by imposing a substantively unreasonable sentence. *See id.* at 361; *United States v. Campos-Maldonado,* 531 F.3d 337, 338 (5th Cir.), *cert. denied,* 129 S. Ct. 328 (2008).

AFFIRMED.